HAHN, APPELLANT, *v.* BROWN, ATTORNEY GENERAL, ET AL.,
APPELLEES.

[Cite as Hahn v. Brown (1976), 51 Ohio App. 2d 177.]

(No. 76AP-389—Decided September 14, 1976.)

*Mr. James E. Hitchcock,* for appellant.
*Mr. William J. Brown,* attorney general, and *Mr. Thomas E. Turk,* for appellees.

STRAUSBAUGH, P. J. This is an appeal by plaintiff from a judgment of the Court of Claims granting defendants' motion to dismiss plaintiff's complaint.

The record indicates that two minors, David Filkins and Kevin Dooley, were committed to the custody of the Ohio Youth Commission due to persistent problems in the Juvenile Courts. The Ohio Youth Commission assigned the two juveniles to its Maumee Youth Camp. During the night and early morning of August 24 and 25, 1974, the two boys escaped from the camp. In effecting the escape, the juveniles broke into plaintiff's car, hot-wired it, and drove it from the vicinity of the youth camp to Cleveland, Ohio, where they sold the automobile to a third party after entering it into a demolition derby, after which the juveniles were apprehended by law enforcement officials.

Plaintiff's first assignment of error states:
"The Court of Claims erred in deciding that the state R. C. 3109.09 provides:
was not a parent for purposes of ORC 3109.09."

"Any owner of property is entitled to maintain an action to recover compensatory damages in a civil action in an amount not to exceed two thousand dollars and costs of suit in a court of competent jurisdiction from the parents having the custody and control of a minor under the age of eighteen years, who willfully damages property belonging to such owner. A finding of willful destruction of property is not dependent upon a prior finding of delinquency of such minor.

"Such action shall be commenced and heard as in other civil actions for damages."

We find that under the above section only "parents" are made liable by the legislature. The mere fact that certain duties are imposed upon the Ohio Youth Commission and the Maumee Youth Camp does not convert such entities into the status of a "parent" which is defined in Webster's Third New International Dictionary (1961) as:

"[O]ne that begets or brings forth offspring: father, mother * * *."

Had the legislature intended for other persons, or entities, to be included within the meaning of the statute, they would not have used the word "parent." Plaintiff's first assignment of error is overruled.

Plaintiff's second assignment of error reads:

"The Court of Claims erred in holding a youth is as likely to steal a car at home as to escape from the Ohio Youth Camp."

While it may be true that a youth is as likely to steal a car at home as to escape from the Ohio Youth Camp, in the first instance, while the child is at home with his parent a statutory liability may be imposed upon the parent, whereas there is no liability imposed by the legislature on the Ohio Youth Commission or the Maumee Youth Camp. It must be remembered that the liability imposed under R. C. 3109.09 is statutory and the wording of the statute cannot be altered to conform to the desires of a litigant. Plaintiff's second assignment of error is overruled.

Plaintiff's third assignment of error claims:

"The Court of Appeals [sic] erred in holding that the

statutes in Chapter 2151 do not direct protection of persons and property.''

Apparently, plaintiff has misinterpreted the well written opinion of Judge Troop, in that the trial court did not say that R. C. Chapter 2151 does not direct protection of persons and property. What the trial court said was that:

"The section, recognizes the dual responsibility of the agencies to accomplish the rehabilitation of the child and the protection to the public interest."

In other words, the protection of the public interest is not the sole purpose of the section. However, perhaps the primary interest of the section is to accomplish the rehabilitation of the child. While the public is certainly entitled to protection, very few institutions, criminal or otherwise, have been designed to be completely escape proof. Only the death penalty provides absolute protection to the public; we know the plaintiff is not suggesting its exercise in cases such as these. Plaintiff's third assignment of error is overruled.

Plaintiff's fourth assignment of error states:

"The Court of Claims erred in relying on Adamov and Manwhirter decisions."

We find no record of these decisions having been appealed to this court and, therefore, are constrained not to rule on cases that have not been appealed. However, a review of the statements made by the trial court in connection with these cases indicates that the trial court applied the correct principles in ruling upon the facts of this case. Certainly the action brought herein is not one which could have been brought between private parties, inasmuch as private parties have no duty, as does the state, to incarcerate criminals and juvenile offenders. It must be remembered that the Court of Claims Act did not create new causes of action where none existed in the past. Plaintiff's fourth assignment of error is overruled, and the judgment is affirmed.

*Judgment affirmed.*

REILLY and McCORMAC, JJ., concur.