MCCOMAS ET AL., APPELLANTS, *v.*
THE OHIO NATIONAL GUARD, APPELLEE.

(No. 79AP-740—Decided June 17, 1980.)

*Harris, Strip, Fargo, Schulman & Hoppers Co., L.P.A.,* and *Mr. John Z. Fargo,* for appellants.

*Mr. William J. Brown,* attorney general, and *Mr. Thomas E. Turk,* for appellee.

MOYER, J.   This matter is before us on the appeal of plaintiffs, Ronald R. and Mary McComas, from the dismissal by the Court of Claims of plaintiff Ronald McComas' cause of action for injuries allegedly caused by a member of the Ohio National Guard.

Plaintiffs filed a complaint in the Court of Claims, alleging that while plaintiff Ronald McComas was a member of the Ohio National Guard attending inactive training for duty at Camp Grayling, Michigan, an employee of the defendant, the Ohio National Guard, negligently drove a truck and trailer into him, causing him severe injuries and a substantial loss of work,

and causing loss of consortium to plaintiff Mary McComas, and other damages totalling $626,000.

The Court of Claims dismissed the complaint for the reason "that the complaint does not state facts, nor can any state of facts be proved, which would entitle plaintiffs to recover. Therefore, plaintiff has failed to state a claim upon which relief can be granted and the motion to dismiss should be sustained."

Plaintiffs raise the following assignment of error in support of their appeal:

"The Court of Claims erred as a matter of law in holding that the Plaintiffs-Appellants' sole right of compensation arises out of the Worker's Compensation Act, Ohio Revised Code Section 4123.01, *et seq.*"

The state of Ohio has waived its sovereign immunity and consented to be sued in the Court of Claims, where it shall have its liability determined in accordance with the same rules applicable to suits between private persons. R. C. 2743.02(A). The state's waiver of immunity does not include causes of action which could not be brought between private parties. *Hahn* v. *Brown* (1976), 51 Ohio App. 2d 177, 179. However, an action between private parties for injuries arising out of the negligent operation of a motor vehicle does exist, where not barred by the workers' compensation law.

The Court of Claims' dismissal of plaintiffs' complaint seems to be founded upon the Court of Claims' finding that plaintiff Ronald McComas is entitled to workers' compensation benefits, or "equal or superior benefits" in lieu thereof. The court did not define what it meant by "equal or superior benefits." There are some benefits that would reduce the liability of the state under R. C. 2743.02(D), but would not necessarily eliminate it. R. C. 2743.02(D) provides:

"Recoveries against the state shall be reduced by the aggregate of insurance proceeds, disability award, or other collateral recovery received by the claimant."

Accordingly, the possible receipt of other benefits "equal or superior" to workers' compensation benefits does not, as a matter of law, release the state from all potential liability.

The remaining question is whether the allegations in plaintiffs' complaint state a cause of action in which plaintiff Ronald McComas could prove that, as an employee of the state of

Ohio, he was covered by workers' compensation law. Under R. C. 4123.74, an employer who complies with R. C. 4123.35 is not liable to an employee for an injury in the course of or arising out of his employment. Therefore, if plaintiffs' complaint requires a finding of "state employee status," their suit is barred by R. C. 4123.74.

In *Berk* v. *Ohio National Guard* (Ohio Court of Claims No. 77-0287, March 1, 1978), unreported, the Court of Claims held that a member of the National Guard was a state and not a federal employee when engaged in training duty and not in active federal service. This holding, however, is in conflict with the workers' compensation definition of employment status for an Ohio National Guardsman. Under R. C. 4123.022, all members of the Ohio National Guard are employees of the state only when they have been called to active duty. "State active duty" is defined in R. C. 4123.021 as follows:

" 'State active duty' means that status attaching to a member of the Ohio organized militia performing duty ordered by competent state authority, for which duty status injury and occupational disease benefits are not otherwise provided by act of the congress of the United States or executive regulations of the United States."

If a national guardsman is not an employee for purposes of workers' compensation, pursuant to R. C. 4123.021 and 4123.022, neither would he be subject to the provisions of R. C. 4123.74 since that provision relates only to employees. The first count of plaintiffs' complaint states that plaintiff Ronald McComas was attending *inactive* training, and a question concerning his employment status is therefore raised by the complaint. If plaintiff Ronald McComas could prove that he was not a state employee for purposes of workers' compensation law, and that the person who was driving the truck which struck him was a state employee, plaintiff may have a claim against the state. Plaintiffs' assignment of error is well taken and is sustained.

Defendant raises the following assignments of error:

"1. The Court of Claims lacks jurisdiction over the subject matter of the complaint. Under section 2743.02(A) O.R.C. the state waived its immunity from liability and consented to be sued, and to have its liability determined in accordance with

the same rules of law applicable to suit as between private parties.

"2. National Guard personnel when on duty pursuant to 32 U.S.C. 502 are state employees for purposes of sections 4123.01 to 4123.94, inclusive of the Ohio Revised Code, the Worker's Compensation Act.

"3. Under section 2743.02(A) the Court of Claims has no jurisdiction where the state had previously consented to be sued. The state under Chapter 4123, O.R.C. has already provided a method whereby an injured employee could seek relief. Chapter 2743, O.R.C. is not applicable to the claim presented by the plaintiff-appellant."

Our discussion of plaintiffs' assignment of error has considered the assignments of error raised in defendant's brief, and defendant's assignments of error are overruled.

For the foregoing reasons, the judgment of the trial court is reversed and the cause is remanded for further proceedings, consistent with this decision.

*Judgment reversed and*
*cause remanded.*

WHITESIDE and REILLY, JJ., concur.