787 F.2d 591
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
ALFRED E. LABRIOLA, Plaintiff-Appellant,
v.
THE CITY OF AKRON; WILSON TOWING SERVICE, INC.; J.R. WILSON,
Defendants- Appellees.
 84-3985, 85-3190
 United States Court of Appeals, Sixth Circuit.
 3/11/86
 
 AFFIRMED
 N.D.Ohio
 ORDER
 BEFORE: ENGEL, CONTIE and MILBURN, Circuit Judges.
 
 
 1
 Plaintiff is appealing from two district court judgments dismissing two of his civil rights complaints filed under 42 U.S.C. Sec. 1983. In both of the cases, plaintiff alleged that the defendants intentionally seized his personal property without providing him just compensation; and, despite repeated demands for the return of his property accompanied by proof of ownership, the defendants have refused to return the property to the plaintiff. In Case No. 84-3985, the plaintiff alleged that the defendants seized a backhoe from him which was not identified in their search warrant and which was not even found on his property where the search was supposed to be conducted. In Case No. 85-3190, the plaintiff alleged that the defendants seized his 1979 Chevrolet Blazer motor vehicle pursuant to a search warrant which only authorized them to search and seize the front end of the motor vehicle. Although the plaintiff did not at that time own the front end of the motor vehicle, he has subsequently purchased the front end from the owner. In both cases, the City of Akron has allegedly refused to intercede for the plaintiff claiming that the matter was for the plaintiff and the towing company to resolve. The towing company and its owner have refused to release the property without the plaintiff first paying an alleged exorbitant fee for its towing and storage.
 
 
 2
 Upon review of the causes, the district court determined that the law of Parratt v. Taylor, 451 U.S. 527 (1981) and Vicory v. Walton, 721 F.2d 1062 (6th Cir. 1983), cert. denied, 105 S.Ct. 125 (1984), mandated the dismissal of plaintiff's suits. The dismissal of plaintiff's suit under review in Case No. 85-3190 was also justified by the district court as a sanction due to the failure of plaintiff's lawyer to appear at a status conference.
 
 
 3
 On appeal, the plaintiff primarily argues in both appeals that the law of Parratt v. Taylor, supra, and its progeny, should not be applied to his cases because the seizure of his property was accomplished pursuant to an established state procedure as it is clear that the defendants acted intentionally in seizing his property and in refusing to return his property without just compensation. Without addressing the propriety of the district court's dismissal of plaintiff's suit under review in case no. 85-3190 as a sanction authorized under the federal rules of civil procedure, this Court concludes that the district court did properly dismiss plaintiff's suits under Parratt v. Taylor, supra, as developed and expanded by subsequent case law.
 
 
 4
 The law of Parratt v. Taylor, supra, is fully applicable to claims of grossly negligent and intentional seizures of property in violation of procedural due process. Daniels v. Williams, 106 S.Ct. 662 (1986); Hudson v. Palmer, 104 S.Ct. 3194, 3202 82 LEd 2d 393 (1984); Wilson v. Beebe, 770 F.2d 578, 583-84 (6th Cir. 1985) (en banc). The district court properly applied this law because the defendant's conduct was an alleged unauthorized and random act in violation of state law. Four Seasons Apartment v. City of Mayfield Heights, 775 F.2d 150, 152 (6th Cir. 1985); Vicory v. Walton, supra, 721 F.2d at 1064-65. Plaintiff was also required to plead and prove inadequacy of state court remedies to survive dismissal; Four Seasons Apartment v. City of Mayfield Heights, supra, 775 F.2d at 152; Wilson v. Beebe, supra, 770 F.2d at 583 and 584; Campbell v. Shearer, 732 F.2d 531, 533-34 (6th Cir. 1984); Vicory v. Walton, supra, 721 F.2d at 1064-65; and yet he failed to do so. Plaintiff also has an adequate remedy under Ohio law. The State of Ohio has consented to be sued, Oh. Rev. Code Sec. 2743.02, and may be sued in the Ohio Court of Claims which has exclusive, original jurisdiction over all civil actions against the state and its officers regardless of the amount of the claim. See Plastic Surgery Associates v. Ratchford, 7 Ohio App. 3rd 118, 457 N.E.2d 567 (Frnkln Cty. 1982); McComas v. Ohio Nat. Guard, 69 Ohio App. 2d 87, 430 N.E.2d 948 (Frnkln. Cty. 1980). Plaintiff may sue for wrongful conversion of his property which is defined as any wrongful or unauthorized act of control or exercise of dominion over the personal property of another, regardless of intent, misapprehension or mistake, which deprives the owner of possession of his property. See Fulks v. Fulks, 95 Ohio App. 515, 121 N.E.2d 180 (Lwrnce. Cty. 1953; Wilson Freight Forwarding Co. v. Cleveland C. & C. Highway, Inc., 74 Ohio App. 54, 57 N.E.2d 796 (Ham. Cty. 1943). See also Vicory v. Walton, supra. This remedy is adequate to support dismissal under Parratt even if it does not provide all the relief sought by the plaintiff. Hayes v. Vessey, 777 F.2d 1149, 1152 (6th Cir. 1985); Wilson v. Beebe, supra, 770 F.2d at 583.
 
 
 5
 For these reasons, this panel unanimously agrees that oral argument is not necessary in these appeals. Rule 34(a), Federal Rules of Appellate Procedure. The district court's judgments are, accordingly, affirmed pursuant to Rule 9(d)(3), Rules of the Sixth Circuit.