OPINION
This timely appeal arises from the trial court decision granting summary judgment in favor of appellee, James T. Kerrigan.
The Dollar Savings Trust Company and, its successor in interest, National City Bank foreclosed on notes secured by the real estate and other personal property of appellant. Appellee subsequently bought the Terrace Gardens property at a sheriff's sale in May of 1993. The property purchased did not include the inventory which consists of trees and other foliage located on the land.
Appellant continued to occupy the property following the sheriff's sale until an eviction action was initiated in October of 1993. At the eviction there was a confrontation between appellant and appellee's representatives, including his fiancee and counsel at the time, Atty. Joseph Lucci. Appellee's fiancee allegedly had the deputy sheriff stop appellant from removing the inventory. Ultimately, the appellant was given an additional seven days in which to remove her belongings. When appellant left the property, in October of 1993, she did not take the inventory items.
On June 14, 1994, appellant filed a complaint in conversion and replevin claiming that appellee converted the inventory items to his own use. In the complaint, appellant claimed that the inventory located on the property, which appellee bought, consisted of various nursery trees and other foliage with a fair market value of $763,554.00 and that, on or about October 14, 1993, appellee converted the inventory to his own use. The complaint stated that appellee did not purchase the inventory and that appellant had repeatedly requested access to the property to remove the inventory but appellee had refused.
In the motion for order of possession also filed on June 14, 1994, appellant listed the details on how appellee had converted the inventory. In the affidavit, appellant stated that appellee's counsel coerced appellant into an agreement to leave the premises within one week and to forgo any legal action in the form of a restraining order to prevent appellee from padlocking the building. Appellant claimed that appellee and his counsel forced appellant into agreeing not to remove any of the inventory from the premises during the week they were moving out. Appellant also stated that, while trying to find buyers for the inventory, Reuban Heurara, of Big Trees, Inc., informed appellant that appellee was attempting to sell the inventory as his own. On July 18, 1994, appellant filed notice of withdrawal of its motion for replevin.
On July 8, 1994, appellee filed a motion to require appellant to join successor in interest National City Bank as an additional party pursuant to Civ. R. 19 and 12(B)(7). On September 15, 1994, the trial court ordered appellant to amend its complaint naming National City Bank as an additional party. Appellee was ordered to file its answer 14 days thereafter. On May 25, 1995, National City Bank filed a motion pursuant to Civ. R 12(D) for an immediate hearing and determination of its motion to dismiss. On May 25, 1995, appellee filed his answer to the amended complaint. The answer stated that he was reiterating answers previously filed. However, no previous answer exists in the record although neither party raises this issue. On July 12, 1995, the trial court ordered National City Bank dismissed as a party.
On September 8, 1998, appellee filed a motion for summary judgment contending that no genuine issues of material fact existed on appellant's claim of conversion. Appellee contended that appellant remained on his property until October of 1993, although he rightfully purchased it in May of 1993, and never removed its property and never demanded its property upon leaving. Appellee also indicated that he always acceded to appellant's demands since the filing of the lawsuit but that appellant never retrieved its inventory. To support his claim that appellant's lawsuit was meritless and that he had no interest in appellant's inventory, appellee attached an October 4, 1993 letter from his attorney to appellant's attorney. The letter, in pertinent part, read: "* * * Mr. Kerrigan does not have any interest in purchasing the inventory. Your clients have been in possession of the premises for approximately four and a half months since Mr. Kerrigan was the successful bidder of the property at the foreclosure sale and they should have made appropriate arrangements for the removal of their property from the premises since that date." Appellee also attached his deposition and the deposition of Jill Eizonas.
After receiving a time extension, appellant filed its opposition brief to appellee's motion for summary judgment on October 13, 1998. Appellant set forth the elements of conversion. Appellant first contended that demand and refusal were not necessary in this case to prove conversion as appellee committed a positive tortious act of preventing appellant from removing its inventory when his fiancee made the deputy sheriff stop appellant from removing its inventory. Appellant asserted that appellee had failed to meet its burden of proving that no genuine issues of material fact existed. According to appellant, numerous genuine issues of material fact existed specifically in regard to demands and refusals for the inventory. Alternatively, appellant asserted that if demand and refusal were necessary, it made several written and verbal demands for its possessions. The first demand, according to appellant, was made on the day of the eviction while appellant was removing the inventory and Mrs. Kerrigan had the Mahoning County Deputy Sheriff order appellant to stop. Appellant stated that this action was the refusal that appellee claims is essential for a conversion claim. Appellant also argued that a demand for the return of the property was made on November 18, 1993 and attached a letter from appellant's counsel to appellee's counsel after appellee had taken control of the property. The letter, in pertinent part, read: "* * * your client is unlawfully in possession of my client's inventory and has, with your assistance, barred them from entry upon the property to obtain their goods. In addition, according to other corporations we have been in contact with, your client has been selling my client's inventory as though it is his own. * * * We deem this conduct to be conversion." Appellant also attached the deposition of Mary Kerrigan to confirm its attempt to remove its inventory on the day of eviction and the deputy sheriff's order for them to stop removing the inventory. Appellant has been denied any reasonable opportunity to remove the inventory.
On October 22, 1998, the trial court issued a summary judgment in favor of appellee's motion. In its judgment entry, the court stated that the facts of the case are essentially not in dispute; that appellant owned a nursery and inventory on property that was subsequently foreclosed upon and that appellee bought the real estate at a sheriff's sale; that the real estate did not include the inventory; and that appellant continued to occupy the real estate until appellee initiated an eviction action. The court found that the record contained evidence that appellant was attempting to remove its inventory when appellee and a deputy sheriff arrived and appellee's agent told appellant not to remove any inventory. The court also found that the parties did dispute whether a demand for the return of the inventory was made following the eviction (J.E. 10/22/98, pp. 1-2).
However, the court emphasized appellee's assertion that the inventory has and is available to appellant. The court noted that the deposition of Jill Eizonas was stopped for the parties to explore the offer made by appellee's attorney that appellee did not want the inventory and that appellant could retrieve the inventory as long as a security bond was posted. (See Jill Eizonas deposition, pp. 89-90.) The court held that no genuine issues of material fact existed and that it appeared from everything in the record that appellee had given appellant an opportunity to remove the inventory and continues to afford this opportunity and for whatever reason appellant has not removed this inventory (J.E. 10/22/98, p. 3). The court therefore granted appellee's motion for summary judgment. Appellant filed notice of appeal on November 17, 1998.
Assignment of Error Number One:
 "The trial court erred as a matter of law to the prejudice of appellant in granting appellee's motion for summary judgment, where reasonable minds could find for appellant on genuine issues of material fact, including but not limited whether appellee wrongfully asserted Dominion over appellant's inventory."
Appellant argues that appellee failed to meet its burden of proof that there is no genuine issue of material fact and asserts that a fair minded jury could return a verdict for appellant and, thus, this case can only be resolved by a trial.
Appellant cites Civ. R. 56(C) and Celotex Corp. v. Catrett (1986),477 U.S. 317, 321, citing Adickes v. S. H. Kress Co. (1970),398 U.S. 144, 159, to argue that the party moving for summary judgment has the burden of proving that there is no genuine issue of material fact and that if the moving party fails to meet its burden or if the non-moving party produces a genuine issue of material fact, then summary judgment must be denied. Appellant argues that this methodology was adopted by the Supreme Court of Ohio in Wing v.Anchor Media (1991), 59 Ohio St.3d 108, 111. Appellant defines a fact as "material" if, under the substantive law, it might affect the outcome of a case and asserts that if the non-moving party sets forth such a fact, the court must deny summary judgment. Anderson v.Liberty Lobby, Inc. (1986), 477 U.S. 242, 248.
Appellant also cites Viock v. Stowe-Woodward Co. (1983),13 Ohio App.3d 7, 15, 17, to state that the purpose of summary judgment is to determine whether triable issues of fact exist, to assert that every inference must be viewed in the light most favorable to the party opposing summary, and to warn that summary judgment is a procedure which should be used cautiously.
Appellant informs this court that its standard of review is de novo
and explains that this court must independently review the record and afford no deference to the trial court's decision while making judgment. American States Insurance Company v. Guillermin (1996),108 Ohio App.3d 547, 552, and Hall v. Fort Frye Local School District
(1996), 111 Ohio App.3d 690, 694.
Appellant uses Saydell v. Gepetto's Pizza Ribs (1994),100 Ohio App.3d 111, to define conversion as an unauthorized act of control or exercise of dominion by one party over the personal property of a second party which deprives the second party of the possession of the property in denial of or under a claim inconsistent with the right of the second party. Appellant cites Preston TruckingCo. v. Lindamood (Oct. 19, 1987), Warren App. No. CA 86-12-076, unreported, to set forth the essential elements for a cause of action in a conversion case which include: plaintiff's ownership or interest in the property; plaintiff's actual or constructive possession or immediate right to possession of the property; defendant's wrongful interference with plaintiff's property rights; and damages. Appellant also cites Gillespie McCulley v. Holland (1914), 3 Ohio App. 116,119, to argue that it is not necessary for the party taking wrongful possession of the property to assert absolute ownership of the property in order to give the owner the right to an action for conversion.
Applying the law to the instant case, appellant argues that, on the day of the eviction, appellee's fiancee stopped appellant from removing the inventory and, since then, appellee and his now wife have inquired about moving some of the inventory from the property. Appellant argues that her former counsel unquestionably made a demand for the return of the inventory in a letter dated November 18, 1993 and that, after appellee took possession of the property, he chained and gated all entrances to the property obstructing appellant from recovering the inventory. Appellant states that the alleged "tender" of appellee offering appellant access to the inventory upon appellant's securing of a bond that the trial court weighted so heavily did not occur until over twenty-two months after appellant was evicted and occurred at a time when the value of the inventory had deteriorated to such an extent that it no longer made sense to take possession of the inventory.
Appellant maintains that appellee's acknowledgment in his brief that "* * * [a]ny wrongful interference with appellant's property rights is temporary at best * * *" (Appellee's Br., p. 6) proves that genuine issues of material fact exist as to whether appellee asserted dominion and control over appellant's property. Appellant also asserts that another issue of material fact is whether the inventory was abandoned or whether appellant was prevented from removing it by appellee.
Appellant concludes that many genuine issues of material fact exist in this case and reasonable minds could have come to different conclusions as to whether appellee committed the tort of conversion. Appellant, therefore, requests that this court reverse the trial court's granting of summary judgment.
Appellee argues that appellant had sufficient notice of the foreclosure and of the fact that appellee had purchased the property at the sheriff's sale, and that appellant had over four months to remove what she claimed was inventory. Appellee argues that appellant remained on the premises after appellee had a superior right thereto and rather than removing what is called inventory, appellant did nothing.
Appellee argues that any wrongful interference with appellant's property rights was temporary at best and that it was appellee's representatives who left the day that the deputy sheriff allegedly stopped appellant from removing the inventory and gave appellant an extra week to remove any belongings from the property.
Appellee compares this case to a tenant who stays after an eviction and then abandons her furniture when she finally leaves. Appellee continues the analogy by stating that the landlord permits the tenant to return to get the furniture but instead the tenant files suit claiming the furniture is priceless antiques when, in fact, it was purchased at a Goodwill store and the tenant only wants the cash value of the antiques.
Appellee argues that a review of what appellant was required to prove demonstrates that she is not entitled to judgment. Appellee cites Zacchini v. Scripps-Howard Broadcasting Co. (1976),47 Ohio St.2d 224, 226, to define conversion as the wrongful exercise of dominion over property m exclusion of the right of the owner, or withholding it from his possession under a claim inconsistent with his rights. Appellee contends that there was no "wrongful" exercise of dominion but instead appellant left the property without taking the inventory.
Appellee compares the instant case to Ohio Telephone Equipment Sales, Inc. v. Hadler Realty Co. (1985), 224 Ohio App.3d 91, which sets forth the substantive law of conversion in Ohio. In that case, the plaintiff alleged that the defendant landlord had converted telephone equipment leased to an evicted tenant in the building. The plaintiff claimed to have demanded the equipment from the landlord on three separate occasions but was refused. The trial court found in favor of the landlord because the plaintiff's demands were made before the landlord reasserted control over the tenant's premises and no demands were made after the landlord took possession so the landlord did not have possession of the property or exercise dominion over it. Id. 93-94. The court stated that the plaintiff needed to reassert its demand for the return of the phones once the landlord came into possession of the equipment. Id. 94. Appellee argues that unlike the Ohio Telephone case, where the plaintiff did not have access to the property, appellant in this case was in possession of the premises, knew the property was sold at sheriff's sale and, therefore should have made appropriate arrangements for the removal of her possessions.
In response to appellant's criticism of the judge's ruling, appellee argues that a reading of the entire entry indicates that the court explained that there was nothing in the record other than a reasonable willingness of appellee to allow appellant to obtain the inventory.
Appellee cites Burkes v. Stidham (1995), 107 Ohio App.3d 363, to argue that summary judgment is not to be granted if there is any genuine issue of material fact and a disputed fact is material if it affects the outcome of litigation and is genuine if manifested by substantial evidence going beyond allegations of the pleadings. Appellee argues that the material facts are: 1) plaintiff's ownership in the property which was not disputed; 2) plaintiff's actual possession of the property, which plaintiff had up until October of 1993; 3) defendant's wrongful interference with plaintiff's property rights, which, if it occurred at all, occurred four and a half months after appellant knew she had no right to the real estate upon which the inventory was stored, and more than three and a half years after the foreclosure action was commenced; and 4) damages.
Appellee cites Preston Trucking Co. v. Lindamond, supra, at 6 citing Wilson Freight Forwarding Co. v. Cleveland, Columbus Cincinnati Highway, Inc. (1943), 74 Ohio App. 54, 57, to argue that, in order for a conversion, there must be an affirmative tortious act and mere nonfeasance or failure to perform the duty imposed by contract or implied by law is not sufficient.
Appellee further cites Wall v. Firelands Radiology, Inc. (1995),106 Ohio App.3d 313, to argue that only disputes over facts that might affect the outcome of suit under governing law will preclude granting summary judgment, and irrelevant and unnecessary factual disputes will not preclude granting a motion for summary judgment. Appellee contends that the only factual issues relevant are whether (1) appellant was even entitled to make a demand, as it was in control of the property; (2) whether appellant made a proper legal demand, and (3)whether appellee refused the demand. Appellee argues that no demand was made after appellant vacated the property and, even if demand was made, appellee has always acceded to any demands since the filing of this lawsuit.
Appellee argues that the trial court applied the correct standard for summary judgment because a trial would have been a waste of the resources of the parties and the court because there is nothing to try. Appellee concludes by stating that, even construing the facts in a light most favorable to appellant, appellee was and is entitled to judgment in his favor as a matter of law.
Appellee met its initial burden on summary judgment. The burden then shifted to appellant to show that genuine issues of material fact existed as to the elements of conversion and whether they were met. Appellant has met this burden. By viewing the facts in the light most favorable to appellant, there appears to be a question as to whether appellee answered the letter dated November 18, 1993 from appellant's counsel demanding that appellant be given an opportunity to recover the inventory. Appellee, in his brief, states that appellant's letter was "self serving" and was in essence already answered in appellee's October 4, 1993 letter from his attorney to appellant's counsel. Appellee's earlier letter informed appellant that she had more than an ample opportunity to remove the inventory and that appellee did not want the inventory. See Appellee's Br., p. 23. However, appellee's letter preceded appellant's November 18, 1993 demand. Under certain circumstances, a demand is necessary to prove conversion, and it should logically follow that not answering a demand should be considered a refusal. There needs to be a question before an answer can be given.
According to killilea v. Sears Roebuck Co. (1985),27 Ohio App.3d 163, 167, resolution of a motion for summary judgment does not include trying the credibility of witnesses. "If an issue is raised on summary judgment which manifestly turns upon the credibility of the witness * * * then the matter should be resolved at trial." Id. Credibility matters normally come up in summary judgment proceedings when the affidavits or depositions are in conflict concerning a fact to be proved. Id.
In the instant case, appellee's counsel stated that an offer was conveyed to appellant's counsel in which appellant would be given access to the inventory as long as the appellant secured a bond to cover the costs of any damages that would occur in removing the inventory. Appellant's attorney stated that he had no recollection of any such conversation taking place. See Deposition of Jill Eizonas, p. 88-90. This is a material fact because it goes toward whether appellee illegally asserted dominion over appellant's inventory by ignoring the demand in the November 18, 1993 letter. It appears as though it comes down to whom the court believes and that should be determined at trial.
Another issue which is material, that should be determined at trial, is whether the inventory was abandoned by appellant or if appellee was even required to allow appellant access to the inventory after allowing her over four months to occupy appellee's property. In connection with that issue is the issue that was brought up in the complaint but was never really addressed of whether Mrs. Kerrigan contacted Reuban Heurara of Big Trees, Inc. In order to sell the inventory as her own or is it, as she described, a discussion about the possibility of moving some of the larger trees. See Deposition of Mrs. Kerrigan, p. 21. This issue can have a tremendous effect on appellant's ability to prove that appellee illegally asserted dominion over appellant's inventory and should be decided at trial. As long as the inventory was not considered abandoned, if appellant can prove that Mrs. Kerrigan was attempting to sell the inventory, then the need for demand and refusal would be superfluous because that would prove appellee exercised dominion and control over appellant's inventory inconsistent with appellant's ownership.
For the above reasons, appellant's first assignment of error should be granted in her favor overturning the summary judgment.
Assignment of Error Number Two:
 "The trial court erred as a matter of law to the prejudice of appellant in granting appellee's motion for summary judgment, where as a matter of law a demand and refusal in this case was superfluous."
In the second assignment of error, appellant argues that appellee engaged in a course of conduct and exercised dominion and control over appellant's inventory inconsistent with appellant's ownership, thereby obviating the necessity of the demand and refusal for a conversion action. Appellant argues that, on the day of eviction, appellee committed a positive tortious act when Mrs. Kerrigan had a deputy sheriff order appellant to stop taking the inventory that appellant had the right to take and that this action dispenses any necessity for a demand and refusal.
In support of her argument, appellant quotes Saydell v. Geppetto'sPizza Ribs (1994), 100 Ohio App.3d 111, 125. "* * * [e]ven though the original taking was lawful, should an act of dominion or control inconsistent with the plaintiff's ownership occur, a demand and refusal are not necessarily required."
Appellant argues that when the facts of the case at hand are analyzed against the holdings of the Fidelity Deposit Co. v.Farmers Citizens Bank, supra, the Ohio Telephone Equipment Sales,Inc. v. Hadler Realty Co., supra, opinion, and the Saydell v.Geppetto's, supra, it is clear that demand and refusal are not necessary for actionable conversion and summary judgment was not proper.
In anticipation of this court determining that a demand and refusal are mandatory, appellant states that at least two demands and refusals have been made in this case. The first demand was a verbal demand on the day of the eviction with the refusal made when appellant was told by the deputy sheriff to stop removing the inventory at the request of Mrs. Kerrigan. The second demand was written by appellant's former counsel in a letter dated November 18, 1993 with the refusal evident in appellee's continued possession of appellant's inventory with no response to the demand letter.
Appellant states that demand and refusal in this case is superfluous because of appellee's tortious act of having the deputy sheriff order appellant to stop removing appellant's property making appellant's claim for conversion ripe and actionable. Appellant maintains that appellee's control of the inventory continued up through and until at least a year and one-half after appellee took possession and appellee locked appellant out as he chained and gated all entrances to the property. Appellant requests this court to reverse the trial court's granting of summary judgment and asks that this case be remanded for further proceedings.
Appellee argues that this assignment of error is patently spurious as there was neither a "positive tortious act" nor any nonfeasance and, thus, it should be summarily overruled. Appellee states that appellant overlooks the fact that appellee took no affirmative act to obtain the inventory, he did not purchase it and he certainly did not keep appellant from taking it the entire three years between the filing of the foreclosure action and the sheriff's sale or from May of 1993 until October of 1993. Appellee argues that appellant left the inventory behind.
The trial court, in granting summary judgment, did not address the issue of whether a demand and refusal were necessary in the instant case to prove conversion. A demand and refusal in a conversion claim are usually required to prove the conversion of property otherwise legally held. Ohio Tele. Equip. Sales v. Hadler Realty (1985),24 Ohio App.3d 94, citing Fidelity Deposit v. Farmers CitizensBank (1943), 72 Ohio App. 432, 434. In other words, if the original taking was legal and no act of dominion or control inconsistent with plaintiff's ownership had taken place, a demand and refusal are necessary. Id. Unless appellant, in the case at bar, can prove that appellee contacted Reuban Heurara of Big Trees, Inc. in order to sell the inventory as his own, by chaining and gating the entrances, appellee was taking possession and exerting dominion only over the land that he legally bought at the sheriff's sale. Appellee was not exerting dominion over appellant's inventory. It was therefore necessary for appellant to demand the return of the inventory still located on appellee's property.
Contrary to appellant's opinion, this case can be compared to OhioTele. Equip. Sales v. Hadler Realty (1985), 24 Ohio App.3d 91. Just as the landlord in that case legally took control of the premises where the phones belonging to the plaintiff were located, appellee legally took control of the property that he bought at the sheriff's sale which contained appellant's inventory. Because the landlord was legally within his rights when he took possession of the premises, it was necessary for the plaintiff to make a demand for the return of the equipment in order to prove conversion. Id. at 94. Appellee in this case waited for over four months before attempting to take control of the property. In his first attempt to evict appellant, appellee ended up allowing appellant an extra week to remove her belongings from the property. It was necessary for appellant to make a demand for access to her inventory in order to prove conversion.
Appellant argues that demands and refusals were made on at least two occasions. First, when appellee's fiancee had the deputy sheriff stop appellant from removing the inventory the day of the attempted eviction, appellant was given an extra week to remove her possessions.
The second time appellant argues that a demand and refusal was made is in the letter dated November 18, 1993 by appellant's counsel who demanded access to the inventory. While appellant can show that a demand was made after appellee took control of the property, there is a dispute as to whether appellee refused to allow appellant access to the inventory. Appellant was inaccurate in stating that demand and refusal were superfluous in this case. Nevertheless, appellant was able to show that a demand for the inventory was made and the fact that there is a dispute as to whether appellee refused shows that the court below erred in granting appellee's motion for summary judgment.
For the reasons stated above, it was necessary for appellant to prove that a demand and refusal occurred in order to prove conversion.
Assignment of Error Number Three:
 "The trial court erred as a matter of law to the prejudice of appellant, by holding a tender of converted property, after suit for conversion is filed, terminates the claim for conversion."
Appellant contends that nowhere in the trial court's October 22, 1998 judgment entry is it concluded that appellant's case has been settled nor is it concluded that appellant did not establish a primafacia case of conversion. Appellant argues that the trial court erroneously concluded that appellant was unreasonable in refusing to settle the case and that its reasoning is misplaced and erroneous as a matter of law warranting reversal and remand. In support of her argument, appellant cites Railroad Co. v. O'Donnell (1892),49 Ohio St. 489, to state that once a conversion is committed, the owner of the converted property may proceed directly to litigation and is under no obligation thereafter to receive the converted property.
Appellant also cites Lyle v. Durham (1984), 16 Ohio App.3d 1, 3, to argue that, in order for a tender to discharge the liability of a defendant, it must be made before commencement of the action by plaintiff and for complete settlement of the claim. Appellant argues that she was not deposed until August 30, 1995, at which time the "tendered" inventory had diminished in value to such an extent that it made no sense for appellant to recover the inventory. Appellant states that the trial court held that, because appellant did not explore a "late and self-serving settlement offer", she had thereby extinguished a claim for conversion. Appellant directs the court toRailroad Co. v. O'Donnell, Supra, and Lyle v. Durham, Supra, to contend that such reasoning is contrary to the laws of the State of Ohio. Appellant concludes by requesting that this court reverse the trial court's granting of summary judgment and remand this case for further proceedings.
Appellee contends that appellant failed to take what she claims is valuable inventory. In response to appellant characterizing the tender as "late and self-serving," appellee argues that appellant glosses over the facts and a careful reading of the deposition demonstrates that the offer had been made much earlier in a conversation between the counsels, even though appellant's counsel did not remember. Appellee concludes with stating, like the other two assignments of error, that appellant's third assignment of error is patently spurious and should be summarily overruled.
As was discussed in the first assignment of error, appellant met the reciprocal burden of showing that genuine issues of material fact exist on its claim of conversion. There is a dispute about whether appellee answered appellant's demand for access to the inventory in the letter dated November 18, 1993, and if the attorneys had a conversation where appellant would be given access to the inventory as long as a security bond was posted. Therefore, the court erred when it granted appellee's motion for summary judgment. Appellant is correct in stating that nowhere in the trial court's October 22, 1998 judgment entry is it concluded that appellant's case has been settled nor is it concluded that appellant did not establish a prima facia
case of conversion. The trial court erroneously concluded that appellant was unreasonable in refusing to settle the case and, therefore, its decision granting summary judgment, as a matter of law, warrants reversal and remand.
Judgment reversed and this case is remanded to the trial court for further proceeding pursuant to law.
COX, P.J., dissents.
VUKOVICH, J. concurs.