PATE, APPELLANT, *v.* ELLIOTT ET AL.

[Cite as Pate v. Elliott (1978), 61 Ohio App. 2d 144.]

(No. 78AP-491—Decided December 28, 1978.)

*Mr. J. Boyd Binning,* for appellant.
*Mr. Lawrence A. Berlin,* for appellees.

*Per Curiam.*  This is an appeal from a judgment of the Franklin County Municipal Court finding that plaintiff, the appellant herein, is estopped from asserting her ownership of certain personal property now in the possession of defendants, the appellees.

It appears from the record that plaintiff permitted one Richard Spence to stay in her apartment for several weeks during late March and early April 1978. This arrangement was temporary; it was to end as soon as Spence could obtain other quarters. In order that Spence could come and go as he pleased, plaintiff gave him the key to her apartment.

On April 7, 1978, Spence, apparently without the knowledge or consent of plaintiff, called defendant John Elliott, a used furniture buyer, to find out if Elliott was interested in buying furniture purportedly owned by Spence. The two men arranged to meet at plaintiff's apartment later that evening. Plaintiff went to work shortly before 7 p.m.. Subsequently, when Elliott arrived, he found a note on the door indicating that Spence would return in a few minutes. Spence arrived, unlocked the door with his key, and the two men entered the apartment.

Spence offered to sell "his" furniture for $550. A bargain was struck; Spence was paid and Elliott hauled the furniture away in his truck. Before leaving, Elliott placed his business card on the door. The card and the virtually empty apartment were discovered by plaintiff when she returned home. Spence, who had also been given the keys to plaintiff's automobile, was gone, as was her automobile.

Upon discovering the whereabouts of her furniture, plaintiff demanded, and was denied, its return. She then instituted a replevin action in Municipal Court, naming John Elliott and his employer, Major Stover, as defendants. Defendants filed an answer and counterclaim contending, *inter alia,* that plaintiff was estopped from asserting her title to the furniture taken from her apartment in that she had placed Spence in a position of apparent authority to do that which had been accomplished.

A hearing was held before a referee on the issue of plaintiff's right to immediate possession. The referee found that the furniture in question was owned by plaintiff, but that plaintiff had "clothed Richard Spence with the appearance of ownership," and was thereby estopped from asserting title as against defendants.

Plaintiff filed objections to the referee's report. Her objections were overruled in a judgment entry of July 18, 1978. The court, through its judgment entry, adopted the referee's report, dismissed the defendants' counterclaim, and rendered a judgment for defendants.

Plaintiff appealed to this court. Defendants have filed a motion to dismiss the appeal on the ground that the judgment of the trial court does not constitute a final appealable order. We disagree.

Although a judgment arising from a pre-seizure hearing does not generally constitute a final order, in this case it appears that the judgment had the effect of determining all salient issues and resulted in a dismissal of the complaint. The referee found that plaintiff was estopped from asserting title to the furniture at issue, and recommended that the complaint be dismissed. Plaintiff filed specific objections to these findings of the referee. The court overruled these objections and adopted the referee's report in its entirety.

We conclude that the referee's report went beyond a determination of the issue of plaintiff's right to immediate possession of the property. The referee effectively determined the issue of plaintiff's title to the property. The judgment entry adopted this finding and, further, dismissed defendant's counterclaim. Because there were no issues remaining in the case, we hold that the trial court's judgment is a final appealable order under R. C. 2505.02.

Turning now to the merits, plaintiff has raised the following assignments of error:

1. "The plaintiff is entitled to the immediate return of her personal property, during the pendency of a final hearing, from the defendant upon the posting of the proper bond."

2. "The defendants cannot acquire lawful possession or title to the plaintiff's property, as title and possession were obtained from a thief, as a matter of law."

In plaintiff's second assignment of error, it is contended that defendants cannot acquire title to plaintiff's property as a matter of law because defendants obtained possession from a thief. Plaintiff argues that defendants can have no better title than did the person from whom they acquired the property. It is further contended that the trial court improperly invoked the doctrine of equitable estoppel in this case. We are in agreement with all of these contentions.

In *Ogden* v. *Ogden* (1854), 4 Ohio St. 182, the court, as *dicta,* sets forth the following hypothetical, at page 195:

"A loans his horse to B, and B sells to C; A may recover the horse from C, although A reposed confidence in B, by which he obtained possession of the horse, and thereby enabled him to hold himself out as owner of the horse.

"In this country no one can obtain title to stolen property***however innocent he may have been in the purchase; public policy forbids the acquisition of title through the thief."

*Ogden* merely states a basic tenet of American property law: a purchaser of property acquires only as sound a title as was held by the seller. Because a thief has void title, anyone possessing superior rights to the property may recover possession from the thief or a subsequent purchaser.

This rule has its limitations, however. If the owner of property purposely clothes another with the appearance of ownership, equity requires that the owner be estopped from asserting title as against a subsequent *bona fide* purchaser. In the case at bar there was no evidence, only conjecture, that plaintiff gave Spence the key to her apartment in order to induce others to believe that he was the true owner. Upon the facts in the record, we cannot find a purpose to deceive others as to the true ownership of the property. Plaintiff cannot, therefore, be estopped from asserting her title on this ground.

Defendants argue, however, that plaintiff was at the very least negligent in her conduct toward defendants. It is contended that plaintiff negligently left her apartment key with Richard Spence and, as a proximate result of her negligence, misled defendants to their detriment. Defendants urge that plaintiff should be estopped by her negligence from asserting title to the furniture.

While it is true that estoppel may rest upon the negligence of the owner of property, such negligence must amount to more than mere carelessness. See 28 American Jurisprudence 2d 683, Estoppel and Waiver, Section 61. In *People's Trust Co.* v. *Smith* (1915), 215 N.Y. 488, 491, 109 N.E. 561, 562, Judge Cordozo summarized this area of the law as follows: "To make out an estoppel on that ground, it is not enough to show that the owner was careless. He must have been careless in respect of some duty owing to the [defendant] or the public***."

Under the facts of this case, we cannot say that plaintiff breached a duty owed to the public in general or to defendants in particular. Plaintiff, without much doubt, was careless, but was not negligent to the point of raising the issue of estoppel. To hold plaintiff to a duty to guard against the criminal activity of others upon penalty of estoppel would be unreasonable under the circumstances.

Were the law otherwise, every person who invited house guests would risk forfeiting title to his property. Landlords who leased furnished apartments would risk having their tenants transfer title to the furniture by estoppel. Such a result would not be consistent with the purposes underlying the doctrine of equitable estoppel.

148

In a case such as this it is also appropriate to ask which party is better able to bear the risk of loss. Defendants are furniture dealers. The record indicates that they acted in good faith. Even so, it would appear that the acquisition of stolen property is a risk of doing business. The loss resulting from repossession of stolen property is a cost of doing business. In such a transaction, the doctrine of *caveat emptor* should apply. Unfortunately, defendants must bear the loss in this case. Plaintiff's second assignment of error is sustained.

In light of the disposition of the other issues raised in this case, plaintiff's first assignment of error is moot and is hereby dismissed.

Accordingly, the judgment of the Franklin County Municipal Court is reversed.

*Judgment reversed.*

HOLMES, P. J., STRAUSBAUGH and WHITESIDE, JJ., concur.