OPINION
{¶ 1} Appellant, Craig L. Hulett ("Hulett"), appeals the October 2, 2003 journal entry of the Common Pleas Court of Paulding County ordering judgment in favor of the Appellees, Motorists Mutual Insurance Co., et al. ("Motorists Mutual"), in the amount of $6,449.50, to be paid by Hulett.
 {¶ 2} On July 26, 2001, Mark Beech, Plaintiff in the original action, reported to the Paulding County Sheriff's Office that his motor vehicle had been stolen from his home in Scott, Ohio. Beech's vehicle had been wrecked, resulting in damages in the amount of $6,449.50. Motorists Mutual paid $5,949.50 to Beech for the damages to the vehicle and Beech sustained a loss of $500 for his insurance deductible. After an investigation was conducted by the Paulding County Sheriff's Office, Hulett was indicted for theft of Beech's motor vehicle in case number CR-02-551. On October 16, 2002, Hulett entered into a plea agreement whereby the theft charge was dismissed in exchange for a guilty plea to a failure to appear charge. Hulett was sentenced to a prison term of twelve months.
 {¶ 3} The action from which this appeal is brought was a subrogation action arising out of the theft and damage of Beech's motor vehicle. The action was filed by Motorists Mutual against Hulett on July 7, 2003 in the Common Pleas Court of Paulding County. Hulett filed his answer on July 28, 2003. On August 7, 2003, Motorists Mutual served Hulett with a request for admissions, interrogatories, and a request for production of documents. Hulett had twenty-eight days from the date of service to answer the requests of Motorists Mutual. Hulett failed to respond to the discovery requests and Motorist Mutual filed a motion for summary judgment on September 25, 2003 based upon Hulett's failure to deny the admissions.
 {¶ 4} On September 29, 2003, the court granted summary judgment in favor of Motorists Mutual in the amount of $6,449.50. Hulett filed a memorandum in opposition to Motorists Mutual's motion for summary judgment and the matter was reheard by the court on October 2, 2003. In its October 2, 2003 journal entry the trial court vacated the September 29, 2003 journal entry. However, after reviewing Hulett's memorandum, the trial court ordered judgment in favor of Motorists Mutual in the amount of $6,449.50. It is from this judgment that Hulett now appeals, asserting the following assignment of error.
The trial court erred in rewarding (sic) judgment reward toplaintiffs in absence of defendant-appellant having beenconvicted of criminal liability, thereby violatingdefendant-appellant's 5th, 6th, 9th, and 14thAmendment rights of the U.S. Constitution and Ohio Constitution.
 {¶ 5} In his sole assignment of error, Hulett argues that Motorists Mutual had no right to collect a judgment in a subrogation action from him when there was no criminal conviction of Hulett for theft and damage of the motor vehicle.
 {¶ 6} It appears from his brief that Hulett has confused his criminal and civil proceedings by asserting that since he was not convicted of the criminal theft charge, there is no evidence linking him to liability for the damage of Beech's vehicle. The judgment that Hulett appeals concerns only the subrogation action, not the criminal charge of theft. Despite this distinction, Hulett argues that the court had no authority to impose restitution upon him for a crime in which he was never convicted. Further, Hulett argues that the judgment in the civil case brought by Motorists Mutual was based on evidence in the criminal case that was ultimately unfounded. However, the record clearly shows that the judgment in favor of Motorist Mutual was based upon Hulett's failure to answer Motorists Mutual's request for admissions, which caused them to be deemed admitted.
 {¶ 7} We begin by noting that it is a common principle of law that a civil action is not merged in a criminal prosecution.Schmidt v. State Aerial Farm Statistics, Inc. (1978),62 Ohio App.2d 48, 403 N.E.2d 1026. In other words, the outcome of a criminal proceeding involving a party is not determinative of the outcome of a civil proceeding involving the same party and the same incident. This principle applies to the facts in this case, as Hulett is not automatically relieved of civil liability regarding the incident solely because the theft charge against him was dismissed. Hulett's criminal case has no bearing on the outcome of the civil proceeding which is at issue in this appeal.
 {¶ 8} This appeal deals with the trial court's determination that Motorist Mutual was entitled to summary judgment on the issue of Hulett's liability to Motorists Mutual in the amount of $6,449.50. On August 7, 2003, Motorists Mutual served its request for admissions on Hulett for the instant action. Since Hulett did not answer the admissions within twenty-eight days, as requested by Motorist Mutual, the matter was deemed admitted by the trial court pursuant to Civ.R. 36, which provides:
(A) Request for admission. A party may serve upon any otherparty a written request for the admission, for purposes of thepending action only * * *.
 The matter is admitted unless, within a period designated inthe request, not less than twenty-eight days after servicethereof or within such shorter or longer time as the court mayallow, the party to whom the request is directed serves upon theparty requesting the admission a written answer or objectionaddressed to the matter, signed by the party or by his attorney.* * *
 (B) Effect of Admission. Any matter admitted under this ruleis conclusively established unless the court on motion permitswithdrawal or amendment of the admission. * * *
 {¶ 9} In the instant case, Hulett did not respond to the request for admissions within the designated twenty-eight days, or at any time during the pending action. When Hulett failed to answer the requests, the admissions became fact of record which the court was required to recognize. Cleveland Trust v. Willis
(1985), 20 Ohio St.3d 66, 485 N.E.2d 1052. The Ohio Supreme Court has held that "[a] request for admission can be used to establish a fact, even if it goes to the heart of the case." Id. at 67.
 {¶ 10} The trial court properly considered the admissions when granting summary judgment in favor of Motorist Mutual. The admissions are dispositive of the issues presented in Motorists Mutual's complaint and are, therefore, dispositive of the issue on appeal. Accordingly, Hulett's assignment of error is overruled and the judgment of the Common Pleas Court of Paulding County is affirmed.
Judgment affirmed.
Shaw, P.J., and Cupp, J., concur.