OPINION
{¶ 1} Appellant Jack B. Todd appeals the decision of the Fairfield County Municipal Court that granted appellee State Farm Mutual Automobile Insurance Company's motion for summary judgment. The following facts give rise to this appeal.
 {¶ 2} On March 4, 2002, Phoebe Hankinson loaned her 1998 Ford Escort ZX2 to her friend the appellant Jack B. Todd. Ms. Hankinson allowed the appellant to use the vehicle from March 4, 2002 through March 8, 2002. Appellant was to return the vehicle to Ms. Hankinson on March 8, 2002 between 5:30 p.m. and 6:00 p.m. Appellant did not return the vehicle to Ms. Hankinson on March 8, 2002. Ms. Hankinson tried several times to contact appellant regarding the vehicle, but was never able to contact or locate him.
 {¶ 3} On March 9, 2002, Ms. Hankinson reported her vehicle as stolen to the Lancaster Police Department. The police recovered her vehicle on September 17, 2002 in Norwood, Ohio. The vehicle was in the possession of Teresa A. Loken. When recovered, the vehicle was in a damaged condition.
 {¶ 4} On April 8, 2003 appellee filed a complaint in Fairfield County Municipal Court against defendant appellant Jack B. Todd and defendant Teresa Loken asserting a subrogation claim in the amount of $6,726.70.
 {¶ 5} Appellant was served with a copy of the complaint. Appellant thereafter filed a "Response of the Defendant, Jack B. Todd: Motion to Dismiss, or Alternatively Strike defendant as Third Party pursuant to Civ. R. 12 (F)" with the trial court on August 27, 2003. Appellant futher filed a "Motion to Proceed In Forma Pauperis, Demand for Jury trial, Appointment of Counsel, and Presence of Incarcerated Indigent Defendant. On December 10, 2003, the trial court denied defendant-appellants' motion to dismiss.
 {¶ 6} The trial court conducted a pre-trial conference on March 7, 2004. Because the appellant was incarcerated at that time he was unable to attend this conference. On March 8, 2004, the court issued a notice of appearance setting the trial for the matter for May 26, 2004. On April 12, 2004, appellant filed a "Demand for Jury Trial; Presence; Discovery and Compulsory Process."
 {¶ 7} On May 12, 2004, appellee filed a motion for summary judgment. The court then set a non-oral hearing on this motion for May 24, 2004. Appellant filed a response titled "Motion to Strike or Alternatively Overrule Plaintiff's Motion for Summary Judgment Civ. R. 56 (A) (F)" on May 17, 2004.
 {¶ 8} The trial court held a non-oral hearing on the motion for summary judgment on May 24, 2004. The trial court's entry granting the motion for summary judgment in favor of appellee was filed June 2, 2004.
 {¶ 9} Appellant timely filed a notice of appeal and set forth the following three assignments of error for our consideration:
 {¶ 10} "The trial court committed prejudical reversable [sic] error, when [it] failed to dismiss the complaint against Jack Broward Todd.
 {¶ 11} "The trial court committed prejudical reversable [SIC] error, when [it] failed to order discovery, and allow the case to proceed to the demanded jury trial.
 {¶ 12} "The trial court committed prejudical reversable [SIC] error in granting [t]he plaintiff's motion for summary judgment."
 I. {¶ 13} In his first assignment of error appellant contends that the trial court erred by not striking the complaint pursuant to Civ. R. 12(F), or in the alternative not striking the complaint for failure to state a claim for relief pursuant to Civ. R. 12(B)(6). The appellant further argues that the trial court erred in not dismissing the complaint because a copy of the insurance contract or subrogation agreement between appellee and Phoebe Hankinson was not attached to the complaint in violation of Civ. R. 10(D). We disagree.
 {¶ 14} Civ.R. 12(F) authorizes the court to strike from a pleading any claim which is insufficient as a matter of law.Moore v. Benjamin (March 27, 1986), 8th Dist. No. 50316.
 {¶ 15} Our standard of review on a Civ.R. 12(B) (6) motion to dismiss is de novo. Greeley v. Miami Valley Maintenance Contrs.Inc. (1990), 49 Ohio St.3d 228, 551 N.E.2d 981, overruled in part on other grounds, 62 Ohio St.3d 541, 584 N.E.2d 729. A motion to dismiss for failure to state a claim upon which relief can be granted is procedural and tests the sufficiency of the complaint. State ex rel. Hanson v. Guernsey County Board ofCommissioners (1992), 65 Ohio St.3d 545, 605 N.E.2d 378,1992 Ohio 73. Under a de novo analysis, we must accept all factual allegations of the complaint as true and all reasonable inferences must be drawn in favor of the nonmoving party.Viceroy v. Dept. of Rehabilitation, 5th Dist. No. 2003-CA-5586, 2003-Ohio-5586 at ¶ 15. Then, before the court may dismiss the complaint, `* * * it must appear beyond doubt from the complaint that the plaintiff can prove no set of facts entitling him to recovery. * * * `O'Brien v. UniversityCommunity Tenants Union (1975), 42 Ohio St.2d 242,327 N.E.2d 753.
 {¶ 16} Accordingly, a Civ.R. 12(B) (6) motion to dismiss is directed to the entire pleading, whereas a Civ.R. 12(F) motion to strike based on insufficiency of a claim should only be used to attack individual claims which are not dispositive of the entire action. State ex rel. Neff v. Corrigan (1996),75 Ohio St.3d 12, 661 N.E.2d 170.
 {¶ 17} The Ohio Rules of Civil Procedure require "notice" pleading rather than "fact" pleading. Iacono v. AndersonConcrete Corp. (1975), 42 Ohio St.2d 88, 92; Salamon v. TaftBroadcasting Co. (1984), 16 Ohio App.3d 336, 338. Pursuant to Rules 8(A) and 8(E) of the Ohio Rules of Civil Procedure, "notice pleading" simply requires that a claim or defense concisely set forth only those operative facts sufficient to give "fair notice of the nature of the action." Devore v. Mutual of OmahaInsurance Co. (1972), 32 Ohio App. 2d 36, 38. . A pleader is ordinarily not required to allege in the complaint every fact he or she intends to prove. State ex rel. Neff v. Corrigan, supra75 Ohio St.3d at 549, 661 N.E.2d at 381. (Citation omitted).
 {¶ 18} In the case at bar, the complaint filed April 8, 2003, states, in relevant part: "[o]n or about 3/09/02, in Lancaster, Fairfield County, Ohio, the Defendants [Teresa A. Loken and Jack B. Todd], while on a joint venture and/or during the commission of a theft offense, negligently and/or intentionally damaged said motor vehicle in the amount of $8,326.70" (Complaint for Damages, filed April 8, 2003 at ¶ 2).
 {¶ 19} The complaint gives appellant notice that a claim is being made against him that he negligently or intentionally damaged a vehicle owned by Phoebe Hankinson which was insured by appellee.
 {¶ 20} We find that the complaint is sufficient as a matter of law to advise appellant of the nature of the claim against him and further states a claim upon which relief can be granted. Accordingly, the trial court was correct to overrule both appellant's motion to strike and appellant's motion to dismiss.
 {¶ 21} Civ.R. 10(D) requires that a copy of a written instrument be attached to a complaint when a claim is based on that writing. Nonetheless, the failure of a complainant to attach a copy does not subject that claim to dismissal under Civ.R. 12(B) (6). On the contrary, the proper procedure is to move for a more definite statement under Civ.R. 12(E). See Point Rental Co.v. Posani, 52 Ohio App.2d at 186,368 N.E.2d 1267; Landskronerv. Landskroner (2003), 154 Ohio App.3d 471, 491-92,2003-Ohio-4945 at ¶ 57, 797 N.E.2d 1002, 1018. A defendant who fails to file a Civ.R. 12(E) motion before filing his answer has waived his right to assert Civ.R. 10(D) as a basis for dismissing the plaintiff's complaint. Id.; See also, McCamon-Hunt Ins.Agency v. Medicial Mutual of Ohio (March 11, 2003), 7th
Dist. No. 02 CA 23, 2003-Ohio-1221; Glenwood Homes, Ltd. v.State Auto Mut. Ins. Co. (Oct. 1, 1998), 8th Dist. No. 72856, at 5.
 {¶ 22} In the case at bar, appellant did not move for a more definite statement prior to requesting the court dismiss the complaint for failure to comply with Civ. R. 10(D). Appellant has further failed to demonstrate how he has been prejudiced by not having a copy of the subrogation agreement. The trial court did not err in overruling appellant's motion to dismiss for failure to comply with Civ. R. 10(D).
 {¶ 23} Appellant's first assignment of error is overruled.
 II. {¶ 24} In his second assignment of error, appellant contends that the trial court erred by not ordering discovery and not allowing the case to proceed to a jury trial. We disagree.
 {¶ 25} The rules governing discovery allow for the parties to conduct discovery. The discovery rules do not provide for any independent investigations by the court, particularly a discovery investigation by the court to gather information for one of the parties. State ex rel. Allstate Ins. Co. v. Gaul (1999),131 Ohio App.3d 419, 434, 722 N.E.2d 616, 627.
 {¶ 26} The record contains no evidence that appellant ever requested discovery from the appellee. The rules governing discovery do not require the court to order discovery; rather it is the obligation of the parties to conduct discovery between them. The appellant, having failed to avail himself of the discovery procedures available to him in the Rules of Civil Procedure, can not now complain.
 {¶ 27} Appellant further contends that he was denied his right to a jury trial. However, it has long been held that a summary judgment does not infringe upon the right of a party to a jury trial. See, e.g., Fidelity Deposit Co. v. United States
(1902), 187 U.S. 315 23 S.Ct. 120, 47 L.Ed. 194. Where no material fact is controverted, there is no issue triable by a jury and a summary judgment is proper. Plaisance v. Phelps (5th Cir., 1988), 845 F.2d 107; Maryland Cas. Co. v. Sparks (6th
Cir., 1935), 76 F.2d 929.
 {¶ 28} Accordingly, appellant's second assignment of error is overruled.
 III. {¶ 29} In his final assignment of error appellant contends that the trial court erred by granting appellee's motion for summary judgment. We disagree.
 {¶ 30} Summary judgment proceedings present the appellate court with the unique opportunity of reviewing the evidence in the same manner as the trial court. Smiddy v. The Wedding Party,Inc. (1987), 30 Ohio St. 3d 35, 36, 506 N.E. 2d 212. As such, we must refer to Civ.R. 56 which provides, in pertinent part:
 {¶ 31} "Summary judgment shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, written admissions, affidavits, transcripts of evidence, and written stipulations of fact, if any, timely filed in the action, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. * * * A summary judgment shall not be rendered unless it appears from the evidence or stipulation, and only from the evidence or stipulation, that reasonable minds can come to but one conclusion and that conclusion is adverse to the party against whom the motion for summary judgment is made, that party being entitled to have the evidence or stipulation construed most strongly in the party's favor."
 {¶ 32} Pursuant to the above rule, a trial court may not enter summary judgment if it appears a material fact is genuinely disputed. The party moving for summary judgment bears the initial burden of informing the trial court of the basis for its motion and identifying those portions of the record that demonstrate the absence of a genuine issue of material fact. The moving party may not make a conclusory assertion that the non-moving party has no evidence to prove its case. The moving party must specifically point to some evidence which demonstrates the non-moving party cannot support its claim. If the moving party satisfies this requirement, the burden shifts to the non-moving party to set forth specific facts demonstrating there is a genuine issue of material fact for trial. Vahila v. Hall (1997),77 Ohio St. 3d 421, 429, 1997-Ohio-259, 674 N.E. 2d 1164, citing Dresher v.Burt (1996), 75 Ohio St. 3d 280, 1996-Ohio-107, 662 N.E.2d 264. It is based upon this standard that we review appellants' assignments of error.
 {¶ 33} Appellant first argues that appellee's motion for summary judgment was improper because appellee did not obtain leave of court pursuant to Civ. R. 56(B) to file the motion.
 {¶ 34} Civ.R. 56(B) provides in part, "[i]f the action has been set for pretrial or trial, a motion for summary judgment may be made only with leave of court." In the case at bar, the trial court did conduct a pre-trial hearing. Nevertheless, even if Civ.R. 56(B) applied in this situation, trial courts may implicitly grant leave of court by entertaining a motion for summary judgment. See Stewart v. Cleveland Clinic Foundation
(1999), 136 Ohio App.3d 244, 254, 736 N.E.2d 491. By entertaining appellee's motion, the trial court implicitly granted him leave.Sexton v. Conley, 4th Dist. No. 01CA2823, 2002-Ohio-6346;Indermill v. United States (1982), 5 Ohio App.3d 243,451 N.E.2d 538.
 {¶ 35} At issue in this case is whether appellant is responsible for the damages to the vehicle insured by appellee. The affidavit of the owner of the car, Phoebe Hankinson, states that she had loaned the vehicle in question to appellant and that he did not return the car. (Affidavit of Phoebe Hankinson, filed May 25, 2004 at ¶ 2-3). After appellant did not return the vehicle attempts to contact him were to no avail. (Id. at ¶ 5). Ms. Hankinson filed a stolen car report which resulted in the recover of her vehicle. (Id. at ¶ 6-7). Ms. Hankinson at no time gave permission to Teresa A. Loken to operate the vehicle. (Id. at ¶ 8). The vehicle was badly damaged and worth approximately $1, 600.00. (Id. at ¶ 9). At the time she loaned the vehicle to appellant, the vehicle was worth $8,326.70. (Id. at ¶ 9). This amount was paid to Ms. Hankinson by appellee with whom she had a policy of automobile insurance. (Id. at ¶ 10-12).
 {¶ 36} Appellee also submitted in conjunction with its motion for summary judgment the affidavit of Michael Vassar, team manager with the appellee's subrogation unit. Mr. Vassar's affidavit verifies that appellee insured Ms. Hankinson's automobile. (Affidavit of Michael Vassar, filed May 24, 2003 at ¶ 2). Appellee paid Ms. Hankinson $8,326.70 for the loss of Ms. Hankinson's automobile, and was only able to recover salvage value of $1, 600.00 due to the damaged condition of the vehicle when it was recovered by the police. (Id. at ¶ 6-9).
 {¶ 37} Nowhere in the material submitted by appellant does he deny that Ms. Hankinson loaned him the subject vehicle. Nor does appellant's materials dispute that he did not return the vehicle to Ms. Hankinson.
 {¶ 38} The Supreme Court of Ohio has established the law of conversion in this state with great clarity and definiteness inBaltimore O. Rd. Co. v. O'Donnell(1892), 49 Ohio St. 489,32 N.E. 476 and in the opinion the court says:
 {¶ 39} "For, in order to constitute a conversion, it was not necessary that there should have been an actual appropriation of the property by the defendant to its own use and benefit. It might arise from the exercise of a dominion over it in exclusion of the rights of the owner, or withholding it from his possession under a claim inconsistent with his rights. If one takes the property of another, for a temporary purpose only, in disregard of the owner's right, it is a conversion. Either a wrongful taking, an assumption of ownership, an illegal use or misuse, or a wrongful detention of chattels will constitute a conversion." Id. at 497-98, 32 N.E. 478-79.
 {¶ 40} Wrongful purpose or intent is not a necessary element of conversion; thus, a defendant is liable even if he is acting under a misapprehension or mistake. Fulks v. Fulks (1953),95 Ohio App. 515, 518-519.
 {¶ 41} In order to prevail on such a claim, appellee must establish at the time of alleged conversion: 1) it held an interest in the property; 2) that it had a right to possession of the property; and 3) the appellant converted the property.
 {¶ 42} Appellant's failure to return the vehicle to Ms. Hankinson constituted a conversion. Appellant's argument that no criminal charges were pursed against him is misplaced. "It is a common principle of law that a civil action is not merged in a criminal prosecution. Schmidt v. State Aerial Farm Statistics,Inc. (1978), 62 Ohio App.2d 48, 403 N.E.2d 1026. In other words, the outcome of a criminal proceeding involving a party is not determinative of the outcome of a civil proceeding involving the same party and the same incident." Motorists Mut. Ins. Co. v.Hulett, 3rd Dist. No. 11-03-15, 2004-Ohio-2474 at ¶ 7.
 {¶ 43} "The measure of damages in a conversion action is the value of the converted property at the time of the conversion."Pruitt v. LGR Trucking, Inc. (2002), 148 Ohio App.3d 481, 486,2002-Ohio-722 at ¶ 7, 774 N.E.2d 273, 277. (Citations omitted).
 {¶ 44} We thus find no error in the grant of summary judgment in favor of the appellee in this matter. Appellant's third assignment of error is overruled.
 {¶ 45} For the foregoing reasons, the judgment of the Fairfield County Municipal Court, Fairfield County, Ohio, is affirmed.
Gwin, P.J., Hoffman, J., and Wise, J., concur
 JUDGMENT ENTRY {¶ 46} For the reasons stated in our accompanying Memorandum-Opinion, the judgment of the Fairfield County Municipal Court, Fairfield County, Ohio, is affirmed. Costs to appellant.