[Cite as *Danopulos v. Am. Trading II, L.L.C.*, 2016-Ohio-5014.]

# IN THE COURT OF APPEALS
# FIRST APPELLATE DISTRICT OF OHIO
# HAMILTON COUNTY, OHIO

| | | |
|---|---|---|
| IRENE DANOPULOS, | : | APPEAL NO. C-150585 |
| | | TRIAL NO. A-1406301 |
| Plaintiff-Appellant, | : | |
| vs. | : | *O P I N I O N.* |
| AMERICAN TRADING II, LLC, | : | |
| Defendant-Appellee. | : | |
| | : | |

Civil Appeal From:  Hamilton County Court of Common Pleas

Judgment Appealed from is:  Reversed and Cause Remanded

Date of Judgment Entry on Appeal:  July 20, 2016

*W. Michael Conway,* for Plaintiff-Appellant,

*Crehan & Thumann, LLC, Robert J. Thurmann* and *Laura I. Hillerich*, for Defendant-Appellee.

**CUNNINGHAM, Presiding Judge.**

{¶1} Plaintiff-appellant Irene Danopulos appeals the Hamilton County Common Pleas Court's entry of summary judgment for defendant-appellee American Trading II, LLC, in her action for conversion related to her stolen jewelry. Danopulos also challenges the trial court's denial of her requests for leave to amend the complaint to add two causes of action. Because the trial court erroneously interpreted R.C. Chapter 4727 when it held that its provisions shielded American Trading, a pawnbroker, from liability to Danopolus for conversion and all causes of action related to the stolen items, we reverse the trial court's judgment and remand the cause for further proceedings.

## I. Background Facts and Procedure

{¶2} On June 21, 2014, Danopulos's jewelry, which she valued at $48,000, was stolen from her home in Montgomery County. American Trading, a licensed pawnbroker located in Hamilton County, purchased the jewelry from a third party for $2,125 on June 24, 2014. On July 17, 2014, a Montgomery County detective advised American Trading that the items were stolen and that Danopulos wanted them returned. American Trading refused.

{¶3} Danopulos then filed this lawsuit against American Trading, presenting a cause of action sounding in replevin and conversion that sought the return of the stolen jewelry or, alternatively, damages in the amount of $48,000 in the event that the items could not be returned. During the litigation, Danopulos learned that American Trading had sold the stolen items before she had asked for their return.

{¶4} After unsuccessfully moving to dismiss the complaint, American Trading moved for summary judgment. Relying on a case from the Eleventh District Court of Appeals, *Molk v. Gold Star Pawn Shop, L.L.C.,* 11th Dist. Lake No. 2010-L-089, 2011-Ohio-2454, American Trading argued that its compliance with two specific provisions of R.C. Chapter 4727, which governs licensed pawnbrokers in Ohio, precluded any claim by Danopulos against it concerning the stolen items. Specifically, American Trading contended that before selling the items it had not received any notification indicating that they may have been stolen, and it had held the goods for at least 15 days, as required by R.C. 4727.12(A). Further, American Trading contended that it had timely reported its purchase of the items to the relevant law enforcement authority, as required by R.C. 4727.09.

{¶5} Danopulos opposed summary judgment in part on the ground that American Trading's purported compliance with the waiting provision of R.C. 4727.12(A) and the reporting requirement of R.C. 4727.09 did not, as American Trading contended, provide it with a superior claim to the stolen items as against the true owner. And she presented her own affidavit and that of Detective Gary Ridgeway of the Montgomery County Sheriff's Department demonstrating that the items at issue were in fact stolen from her.

{¶6} The trial court granted summary judgment to American Trading. The court found, relying on *Molk,* that American Trading's compliance with the relevant provisions of R.C. Chapter 4727 vested it with ownership rights that shielded American Trading from all claims by Danopulos with respect to the stolen items.

{¶7} After American Trading had moved for summary judgment, Danopulos moved for leave to amend the complaint to add a cause of action based on negligence, and later moved to add a cause of action for damages based on a violation

3

of R.C. 2913.51, the receipt-of-stolen-property statute, as purportedly authorized by R.C. 2307.60. American Trading opposed amendment, in part on the grounds that, consistent with *Molk*, it could not be liable to Danopulos "for any other theory of relief" related to the stolen items because of its compliance with R.C. 4727.09 and 4727.12. Subsequently, the trial court found that amendment of the complaint would be "futile," and denied Danopulos's motions to amend the complaint on that basis.

{¶8} Danopulos now appeals, challenging in two assignments of error the grant of summary judgment and the denial of the motions for leave to amend the complaint.

## II. Analysis

### A. Summary Judgment on Conversion Claim

{¶9} In her first assignment of error, Danopulos argues that summary judgment was improper because a genuine issue of fact remained as to whether American Trading complied with the reporting provisions of R.C. 4727.09, and because such compliance, even if established, could not defeat her conversion claim as a matter of law. We find the second issue dispositive and, without deciding the first issue, determine that summary judgment was improperly entered.

{¶10} Initially, we note that we review the grant of summary judgment de novo, applying the standards set forth in Civ.R. 56. *See Comer v. Risko*, 106 Ohio St.3d 185, 2005-Ohio-4559, 833 N.E.2d 712, ¶ 8.

{¶11} Conversion is a common-law tort relating to the wrongful exercise of dominion over property in exclusion of the owner's right, or the withholding of property from the owner's possession under a claim inconsistent with the owner's rights. *See, e.g., Eysoldt v. Proscan Imaging*, 194 Ohio App.3d 630, 2011-Ohio-2359, 957 N.E.2d 780, ¶ 26 (1st Dist.), citing *Zacchini v. Scripps-Howard*

4

*Broadcasting Co.*, 47 Ohio St.2d 224, 226, 351 N.E.2d 454 (1976), *reversed on other grounds*, 433 U.S. 562, 97 S.Ct. 2849, 53 L.Ed.2d 965 (1977); *Fulks v. Fulks*, 95 Ohio App. 515, 519, 121 N.E.2d 180 (4th Dist.1953). Here, Danopulos alleged that American Trading converted her stolen jewelry, which American Trading sold and has not returned to her.

{¶12} Under the common law, a thief does not acquire good title to stolen property and, therefore, "one who purchases or acquires property from a thief," even in good faith, does not have a right to the possession of the goods against "the rightful owner." *Wacksman v. Harrell*, 174 Ohio St. 338, 340, 189 N.E.2d 146 (1963); *see Allan Nott Ents. v. Nicholas Starr Auto, L.L.C.,* 110 Ohio St.3d 112, 2006-Ohio-3819, 851 N.E.2d 479; *M & M Hotel Co. v. Nichols*, 21 Ohio Law Abs. 66, 32 N.E.2d 463 (1st Dist.1935). This long-standing rule has been codified in part in R.C. 1302.44(A), which mirrors UCC 2-403(1), and provides that "[a] purchaser of goods acquires all title which the transferor had or had power to transfer * * *."

{¶13} It is undisputed that American Trading is a pawnbroker. The Ohio licensing provisions related to pawnbrokers are set forth in R.C. Chapter 4727 and, where applicable, R.C. Chapter 4737. American Trading argued, and the trial court determined, that American Trading's compliance with R.C. Chapter 4727 resulted in the transfer of interest in the stolen items to American Trading that defeated Danopulos's conversion claim.

{¶14} Our resolution of this issue involves the interpretation of the provisions in R.C. Chapter 4727. "Where the language of a statute is clear and unambiguous, it is the duty of the court to enforce the statute as written, making neither additions to the statute nor subtractions therefrom." *Hubbard v. Canton City School Bd. of Edn.*, 97 Ohio St.3d 451, 2002-Ohio-6718, 780 N.E.2d 543, ¶ 14,

quoted in *Sherwin-Williams Co. v. Dayton Freight Lines, Inc.*, 112 Ohio St.3d 52, 54, 2006-Ohio-6498, 858 N.E.2d 324. After our review of R.C. Chapter 4727, we determine that it simply does not contain any language concerning the transfer of interest of stolen property to a pawnbroker as against the true owner.

{¶15} Moreover, to the extent that there is any ambiguity, except for remedial laws, we must construe "statutes in derogation of the common law * * * strictly." R.C. 1.11; *see Armstrong v. Marathon Oil Co.*, 32 Ohio St.3d 397, 414, 513 N.E.2d 776 (1987). We find no reason why the rule of strict construction should not apply here where American Trading and the trial court read the statutes to establish an interest in stolen property against its true owner that conflicts with the common law. *See generally Crock Constr. Co. v. Stanley Miller Constr. Co.*, 66 Ohio St.3d 588, 592, 613 N.E.2d 1027 (1993), quoting *Robert V. Clapp Co. v. Fox*, 124 Ohio St. 331, 178 N.E.2d 586 (1931), paragraph one of the syllabus (holding that Ohio's mechanics' lien statutes create rights in derogation of the common law, and are generally strictly construed as to the question as to whether a lien attaches).

{¶16} Ultimately, R.C. Chapter 4727 contains no language to support the reading by American Trading and the trial court, whether we construe the statutory language liberally or strictly. The statutes do, among other things, set forth a regulatory scheme to help prevent the flow of stolen property, allow for the return of stolen property, and provide criminal penalties for violators. *See* R.C. 4727.09, 4727.12, and 4727.99. But the statutes plainly do not provide for the transfer in interest in stolen property to a pawnbroker against the true owner. We hold that R.C. Chapter 4727 does not contain provisions providing a pawnbroker with a right of possession to stolen property against the true owner, even if the pawnbroker complies with the provisions of the chapter.

6

{¶**17**} American Trading maintains that *Molk* supports the trial court's decision. *See Molk*, 11th Dist. Lake No. 2010-L-089, 2011-Ohio-2454. In that case, the plaintiff, Mark Molk, allowed his friend, Joseph Sabo, to borrow his four firearms for the purpose of having them appraised. *Id.* at ¶ 6. Sabo instead pledged the firearms to Gold Star, a pawnbroker, and Gold Star's employee, Anthony Zaffiro, furnished the information related to the pledge to the municipal police department where Gold Star was located in accordance with R.C. 4727.11. *Id.* at ¶ 6 and 10. When Sabo failed to redeem the firearms, Gold Star sold them after a 30-day waiting period that arguably applied pursuant to R.C. 4727.12(B) because Gold Star had been notified by a neighboring police department that the firearms were possibly stolen. *Id.* at ¶ 11 and 13.

{¶**18**} The trial court held that because Gold Star had complied with the relevant provisions of R.C. Chapter 4727, it had obtained lawful ownership of the stolen guns and, as a result, it could not be liable to Molk, the owner of the stolen property, on conversion, replevin, and negligence claims. *Id.* at ¶ 24 and 25. Molk appealed, but challenged the judgment only on the ground that the trial court erred by finding that Gold Star had complied with the retention period set forth in R.C. 4727.12(B). The court of appeals affirmed.

{¶**19**} *Molk* contains no analysis explaining how a pawnbroker's compliance with R.C. Chapter 4727 vests in the pawnbroker a right of possession against the lawful owner of stolen goods. And we can find no support in the law for such a holding. Thus, we do not find *Molk* to be persuasive authority.

{¶**20**} The Ohio Supreme Court, however, has repeatedly protected the common-law rule of a true owner's superior interest in stolen property. For example, in *Allan Nott Ents.*, 110 Ohio St.3d 112, 2006-Ohio-3819, 851 N.E.2d 479, the court

held that "absent any question of estoppel arising from the act of the owner, a thief cannot convey valid title to a stolen motor vehicle to a bona fide purchaser for value without notice, although the certificate used in the purported transfer appears valid on its face," notwithstanding any arguably conflicting language in the Ohio Certificate of Motor Vehicle Title Act or R.C. 1302.44. *Id.* at syllabus, following *Hardware Mut. Cas. Co. v. Gall*, 15 Ohio St.2d 261, 240 N.E.2d 502 (1968). We find the reasoning of those cases persuasive.

{¶21} Thus, the trial court erred when it misinterpreted the relevant provisions of R.C. Chapter 4727 to conclude that a pawnbroker's compliance with such provisions eliminated the pawnbroker's liability for conversion with respect to stolen property in a claim brought by the true owner of the stolen property. Accordingly, we sustain the first assignment of error on this basis, without deciding whether the trial court erred by determining that American Trading had successfully complied with the relevant reporting provision of the statute.

## B. Denial of Leave to Amend the Complaint

{¶22} In her second assignment of error, Danopulos argues that the trial court erred by denying her motions to amend the complaint. She argues that she should have been permitted to add the additional causes of action set forth in her proposed amended complaints.

{¶23} Civ.R. 15(A) provides that after a responsive pleading has been served, the trial court should liberally grant leave to amend when justice so requires. The decision to grant or deny a motion for leave to amend is within the discretion of the trial court. *See Wilmington Steel Prods., Inc. v. Cleveland Elec. Illuminating*, 60 Ohio St.3d 120, 122, 573 N.E.2d 622 (1991), cited in *McConaughy v. Boswell Oil Co.*,

126 Ohio App.3d 820, 831, 711 N.E.2d 719 (1st Dist.1998); *Brown v. FirstEnergy Corp.*, 159 Ohio App.3d 696, 2005-Ohio-712, 825 N.E.2d 206, ¶ 5-6 (9th Dist.).

{¶24} In ruling on a motion for leave to amend, the trial court should consider factors including whether the movant made a prima facie showing of support for the new matters sought to be pleaded, the timeliness of the motion, and whether the proposed amendment would prejudice the opposing party. *See Cleveland Elec. Illuminating.*

{¶25} A trial court's decision is unreasonable and an abuse of discretion when it is not supported by a sound reasoning process. *See AAAA Ents., Inc. v. River Place Community Urban Redev. Corp.*, 50 Ohio St.3d 157, 161, 553 N.E.2d 597 (1990).

{¶26} Here, the trial court denied the motion after determining that any amendment would be futile because Danopulos could not succeed on the claims in light of the court's interpretation of R.C. Chapter 4727 and *Molk*. We hold that the trial court's denial of the motion to amend was unreasonable and an abuse of discretion where the court's conclusion that the amendment would be futile was based on an erroneous interpretation of the law.

{¶27} The trial court, however, did not address the other reasons American Trading presented in opposition to Danopulos's request to amend. Therefore, we sustain the second assignment of error, but on remand the trial court must consider American Trading's other reasons for opposing Danopulos's request to add the two additional causes of action.

### III. Conclusion

{¶28} Because the trial's court's grant of summary judgment to American Trading and denial of Danopulos's motions to amend the complaint were based on the court's erroneous interpretation of R.C. Chapter 4727, we reverse the trial court's judgment and remand the cause for proceedings consistent with the law and this opinion.

Judgment reversed and cause remanded.

**DEWINE** and **MOCK, JJ.,** concur.

Please note:

The court has recorded its own entry on the date of the release of this opinion.