[Cite as *Danopulos v. American Trading II, LLC*, 2018-Ohio-2536.]

# IN THE COURT OF APPEALS
# FIRST APPELLATE DISTRICT OF OHIO
# HAMILTON COUNTY, OHIO

| | | |
|---|---|---|
| IRENE DANOPULOS, | : | APPEAL NO. C-170461 |
| | | TRIAL NO. A-1406301 |
| Plaintiff-Appellant, | : | |
| | | |
| vs. | : | *O P I N I O N.* |
| | | |
| AMERICAN TRADING II, LLC, | : | |
| | | |
| Defendant-Appellee. | : | |

Civil Appeal From:  Hamilton County Court of Common Pleas

Judgment Appealed From Is:  Reversed and Cause Remanded

Date of Judgment Entry on Appeal:  June 29, 2018

*W. Michael Conway*, for Plaintiff-Appellant,

*Crehan & Thumann, LLC,* and *Robert J. Thumann*, for Defendant-Appellee.

**CUNNINGHAM, Presiding Judge.**

{¶1}   Plaintiff-appellant Irene Danopulos appeals from the judgment of the Hamilton County Court of Common Pleas entered in favor of defendant-appellee American Trading II, LLC, ("American Trading") on Danopulos' claim for conversion related to her stolen jewelry that American Trading had purchased and resold as scrap before Danopulos had demanded its return.  In her sole assignment of error, Danopulos claims it was error for the trial court to find for American Trading, and against her, when she undisputedly established the elements of her claim.  Because we agree, we reverse the trial court's judgment and remand the cause for the trial court to enter judgment for Danopulos on the issue of liability and to determine her damages.

## I.  Background Facts and Procedure

{¶2}   This is the second appeal of this case involving three pieces of jewelry stolen from Danopulos' Montgomery County residence on June 21, 2014. American Trading, a licensed pawnbroker located in Cheviot, Hamilton County, then purchased the jewelry from an accomplice of the burglar for $2,125 and reported its purchase of the items to the Hamilton County Sheriff's Office.  American Trading held on to the items for at least 15 days, disassembled the items, and then sold the parts for $7,064.70.

{¶3}   On July 14, a detective with the Montgomery County Sheriff's Office investigating the theft learned that the stolen items had been sold to American Trading. He advised American Trading that the items were stolen and that Danopulos wanted them returned to her.  American Trading refused, as it had already disposed of the property.

{¶4}   Danopulos then filed this lawsuit against American Trading and proceeded on a claim of conversion.  *Danopulos v. Am. Trading II, LLC*, 2016-Ohio-5014, 69 N.E.3d 157 (1st Dist.) ("*Danopulos I*").   American Trading moved for

summary judgment on the claim, taking the position that it had had legal title to the items by virtue of its compliance with two provisions of R.C. Chapter 4727, which governs pawnbrokers in Ohio.  American Trading argued that such compliance shielded American Trading from any claim by Danopulos with respect to the stolen items, including conversion.  *Id.* at ¶ 4. The trial court agreed and granted summary judgment for American Trading, reasoning that American Trading's compliance with the relevant provisions of R.C. Chapter 4727 vested American Trading with ownership rights in the stolen property superior to those of Danopulos.  *Id.* at ¶ 6. The trial court also denied Danopulos' motions for leave to amend her complaint to add other causes of action, including one for negligence.  *Id.* at ¶ 7.

{¶5}     On appeal, this court reversed the trial court's summary judgment for American Trading and its denial of the motions for leave to amend.  We determined that R.C. Chapter 4727 served a regulatory function, *id.* at ¶ 16, and did not modify the common law rule that "a thief does not acquire good title to stolen property and, therefore, 'one who purchases or acquires property from a thief,' even in good faith, does not have a right to the possession of the goods against 'the rightful  owner.' " *Id.* at ¶ 12, quoting *Wacksman v. Harrell*, 174 Ohio St. 338, 340, 189 N.E.2d 146 (1963). We then remanded the cause for further proceedings, including for the trial court to rule on Danopulos' motions to amend her complaint in light of our decision. *Danopulos I* at ¶ 28.

{¶6}     On remand, Danopulos withdrew her motions to amend the complaint, and the case proceeded to a trial before the court on Danopulos' conversion claim.  The trial court issued findings of fact and conclusions of law. Despite finding, based on the undisputed evidence, that American Trading had

disassembled and sold Danopulos' stolen property without her consent, the court determined that Danopulos could not prevail on her claim absent evidence that she had made a demand for her property when it was still in American Trading's possession or control, because American Trading's possession of the jewelry was "lawful." As the evidence showed Danopulos' demand occurred when American Trading no longer had possession of the property, the court entered judgment for American Trading and against Danopulos on the conversion claim. Danopulos now appeals from this judgment.

## II. Analysis

{¶7} The first appeal in this case involved whether a pawnbroker's purported compliance with R.C. Chapter 4727 in acquiring and disposing of stolen property vested the pawnbroker with a right of possession superior to that of the owner, in derogation of the common law. We answered that question in the negative, and reaffirmed the principal that a thief cannot convey good title to stolen property. *Danopulos I*, 2016-Ohio-5014, 69 N.E.3d 157, at ¶ 12, citing *Wacksman* at 340, *Allan Nott Ents. v. Nicholas Starr Auto, L.L.C.*, 110 Ohio St.3d 112, 2006-Ohio-3819, 851 N.E.2d 479, and *M & M Hotel Co. v. Nichols*, 21 Ohio Law Abs. 66, 32 N.E.2d 463 (1st Dist.1935). *See Pace v. Elliott*, 61 Ohio App.2d 144, 146, 400 N.E.2d 910 (10th Dist.1978); *Rudolph Wurlitzer Co. v. Corbett*, 3 Ohio Law Abs. 432 (8th Dist.1925).

{¶8} This appeal, on the other hand, primarily involves the elements of a conversion claim. Conversion is a common-law tort relating to the wrongful exercise of dominion or control over property in exclusion of the owner's right, or the withholding of property from the owner's possession under a claim inconsistent with

the owner's rights. *Danopulos I* at ¶ 11; *Gillespie & McCulley v. Holland*, 26 Ohio C.D. 220, 222-223, 36 Ohio C.C. 220, 20 Ohio C.C.(N.S.) 17 (7th Dist.1914).

{¶9}   A wrongful purpose or intent is not a necessary element of conversion, as a defendant may be liable even if acting under a misapprehension or mistake. *State Farm Mut. Auto Ins. Co. v. Loken*, 5th Dist. Fairfield No. 04-CA-40, 2004-Ohio-5074, ¶ 40, citing *Fulks v. Fulks*, 95 Ohio App. 515, 518-519, 121 N.E.2d 180 (4th Dist.1953). *See Baltimore & Ohio RR. Co. v. O'Donnell*, 49 Ohio St. 489, 32 N.E. 476 (1892), paragraph five of the syllabus.

{¶10}  Thus, one who purchases property in good faith from a party lacking title and the right to sell may be liable for conversion.   *See, e.g.,* Keeton, Dobbs, Keeton & Owen, *Prosser and Keeton on the Law of Torts*, Section 15, 97, (5th Ed.1984); *Fid. & Deposit Co. of Maryland v. Farmers & Citizens Bank of Lencaster*, 72 Ohio App. 432, 435, 52 N.E.2d 549 (5th Dist.1943); *Hall v. Peter Pan Stables, Inc.*, 8th Dist. Cuyahoga No. 76450, 2000 WL 1594095, *4 (Oct. 26, 2000); *Regent Alliance Ltd. v. Rabizadeh*, 231 Cal.App.4th 1177, 1181, 180 Cal.Rptr.3d 610, (Cal.App.2014); *Shaw's D.B. & L., Inc. v. Fletcher*, 580 S.W.2d 91, 95 (Tex.App.1979); *Pease v. Smith*, 61 N.Y. 477, 480 (1875).   To that end, the Restatement of Torts provides

> One who receives possession of chattel from another with the intent to acquire for himself or for a third person a proprietary interest in the chattel which the other has not the power to transfer is subject to liability for conversion to a third person then entitled to the immediate possession of the chattel.

2 Restatement of the Law 2d, Torts, Section 229 (1965).

{¶11} In conversion cases involving a defendant who lawfully came into possession of the property, the plaintiff may need to present evidence of a demand and a refusal to establish the element of an act of dominion or control inconsistent with the plaintiff's ownership. *See O'Donnell*, 49 Ohio St. 489, 32 N.E. 476, at paragraph two of the syllabus; *Ohio Tel. Equip. & Sales, Inc. v. Hadler Realty Co.*, 24 Ohio App.3d 91, 93-94, 493 N.E.2d 289 (10th Dist.1985), cited in *Cozmyk Ents., Inc. v. Hoy*, 10th Dist. Franklin No. 96APE10-1380, 1997 WL 358816, *4 (June 30, 1997), and *Kiss v. Dick Baker Dodge*, 6th Dist. Erie No. E-98-027, 1998 WL 904920, *3 (Dec. 31, 1998); *Drakoules v. Dairy Queen of Whitehall, Inc.*, 10th Dist. Franklin Nos. 76AP-961 and 77AP-157, 1977 WL 200345, *5 (Aug. 9, 1977). This is because bare possession of another's property that rightfully came into one's possession is not a conversion. *Farmers & Citizens Bank of Lencaster*, 72 Ohio App. at 434, 52 N.E.2d 549. But if there was an "act of dominion and control" inconsistent with plaintiff's ownership, a demand and refusal would not be necessary, even though the acquisition of the property was lawful. *Hadler Realty Co.* at 94; *O'Donnell* at paragraph two of the syllabus. *See Nelen v. Cowell*, 45 R.I. 465, 123 A. 897 (1924).

{¶12} In this case, the trial court found that American Trading had lawfully possessed the jewelry because it had reported its purchase of the jewelry to the Hamilton County Sheriff's Office, in substantial compliance with the statutory reporting requirement of R.C. 4727.09. It further determined that American Trading had retained the property for the statutorily required period found in R.C. 4727.12, and that American Trading could not comply with Danopulos' demand for the return of the property because it no longer possessed it. Because of these facts, the court determined that American Trading could not be liable for conversion.

{¶13} In setting forth what it believed to be the applicable law, the trial court cited *Wolf v. Lakewood Hosp.*, 73 Ohio App.3d 709, 716, 598 N.E.2d 160 (8th Dist.1991), where it quoted the rule summarized in *Prosser and Keeton on the Law of Torts* that applies to some "lawful" possessors who cannot comply with a demand:

> Not every failure to deliver upon demand, however, will constitute a conversion. The defendant does not become a converter when the goods are no longer in his possession or control, so that the defendant is unable to comply with the demand, even though they may have been lost or destroyed through the defendant's own fault. The remedy in such a case is an action for negligence.

Keeton, Dobbs, Keeton & Owen, Section 15, at 99.

{¶14} This negligence rule, when applied in the proper context, recognizes that liability in conversion results only from a defendant's "conduct **intended** to affect the chattel," and not "merely negligent interference" with the owner's possession. (Emphasis added.) *Id.* at Section 15, 92. *See* 2 Restatement, Section 224.

{¶15} Typically, then, if a defendant lawfully possessed property, "the accidental loss or destruction" of the property would not be a conversion, although the plaintiff may have a negligence claim. *Salt Springs Nat. Bank v. Wheeler*, 48 N.Y. 492 (1872), cited in Keeton, Dobbs, Keeton & Owen, at Section 15, 99, fn. 10; *Wamsley v. Atlas S.S. Co., Ltd.*, 168 N.Y. 533, 61 N.E. 896 (1901), cited in Keeton, Dobbs, Keeton & Owen, at Section 15, 99, fn. 10 (holding that "the theft or loss of [a passenger's] goods through the mere non-feasance of the [common] carrier does not render him liable in conversion.").

{¶16} While the negligence rule is a correct statement of the law, it did not apply in this case. Even if we assume that American Trading was a "lawful" possessor of Danopulos' stolen jewelry, due to its substantial compliance with the provisions of R.C. Chapter 4727, it was undisputed that the reason American Trading no longer had possession of Danopulos' jewelry when she demanded its return was because American Trading had **intentionally** disassembled the jewelry and sold the parts under a claim of title they did not have, all without the permission of Danopulos, the true owner, resulting in a serious invasion of her right to possession and, thus, a conversion. *See Pease*, 61 N.Y. at 481.

{¶17} If the trial court had applied the correct law, it would have entered judgment for Danopulos on the issue of American Trading's liability for conversion. Consequently, we find merit to Danopulos' argument that the trial court erred by not entering judgment in her favor when she established all the elements of conversion.

{¶18} Danopulos argues also that the trial court erred by not finding for her on her negligence claim. But the record demonstrates that Danopulos did not plead a claim in negligence. Thus, the trial court did not err in this regard.

### III. Conclusion

{¶19} We hold that American Trading's intentional disassembly and sale of Danopulos' stolen property, after acquiring it from a person who lacked the power to transfer a propriety interest to American Trading, and without Danopulos' permission, established American Trading's conversion of Danopulos' property. Therefore, the trial court erred by entering judgment for American Trading and against Danopulos on her claim for conversion, and we sustain her assignment of error on this basis.

**{¶20}** Accordingly, we reverse the trial court's judgment, and we remand the cause for the trial court to enter judgment for Danopulos on the issue of liability and to determine the amount of her damages.

Judgment reversed and cause remanded.

ZAYAS and DETERS, JJ., concur.

Please note:

The court has recorded its own entry this date.